**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHELIA S. BOWE-CONNOR,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC K. SHINSEKI,<br>Secretary, Department of Veterans Affairs,<br><br>    Defendant. | Civil Action No. 13-01993<br>DAR |

**MEMORANDUM ORDER**

Defendant's motion to dismiss is pending for determination by this court.[1] Defendant moves for dismissal on two grounds. As to the first -- failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure – Defendant merely recites the rule, *see* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment at 2-3, and offers no argument in support of the motion. Accordingly, the court has no alternative other than to deny the motion to dismiss pursuant to Rule 12(b)(6).[2]

As to the second ground – lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, by virtue of Plaintiff's failure to exhaust her administrative remedies -- the court has reviewed Plaintiff's administrative complaint, filed by Plaintiff as an

---

[1] *See* Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Document No. 88). This Court has already denied Defendant's motion for summary judgment by virtue of Defendant's failure to comply with this court's scheduling orders and the Local Civil Rules of this district. Order (Document No. 100) at 1 (striking the exhibits offered by the Defendant in support of his motion); *see also* Order (Document No. 96) at 1 (noting the absence of authority for the filing of the exhibits in support of a motion for summary judgment two days after the deadline for the filing of the motion for summary judgment).

[2] To the extent that Defendant intended to rely upon the exhibits which he belatedly filed, *see* n. 1, *supra*., any such reliance is now precluded.

Bowe-Connor v. Shinseki

exhibit to the complaint which she filed in this action. *See* Complaint (Document No. 1), Ex. 2. In her administrative complaint, Plaintiff alleged discrimination based on her age, sex and national origin, as well as reprisal for prior EEO activity. The claims cognizable under Title VII which were the subject of the administrative complaint are (1) "Reprisal (prior EEO Activity)"; (2) "Demotion to Inpatient Pharmacy"; (3) "Failure to provide Performance Evaluation[,]" and (4) "Suspension (1/3/11 – 1/9/11) – Reprisal[.]"

In this action, Plaintiff alleges that "within the 29 years of employment [she] applied for positions listed within the pharmacy department but did not receive the positions applied for or an explanation for not being selected." Amended Complaint (Document No. 35), ¶ 25. However, as Defendant aptly observes, Plaintiff did not allege a non-promotion claim in her administrative complaint.[3] Thus, for the reasons offered by Defendant, Defendant's motion to dismiss as to Plaintiff's non-promotion claim must be granted.

Defendant further observes that the 10-day suspension which is the subject of Plaintiff's Amended Complaint, *see* Document No. 35 at ¶ 49, was not the subject of Plaintiff's administrative complaint of discrimination. However, this court observes that Plaintiff did include the five-day suspension in the administrative complaint, and now alleges that the 10-day suspension was a further act of retaliation. Thus, the court finds that in this circumstance, the failure to file a second administrative complaint does not warrant dismissal for failure to exhaust.[4]

---

[3] Plaintiff did include a request for "promotion" among her requests for relief, *see* Document No. 1, Ex. 2 at 1; however, Plaintiff did not allege that she applied for, and was denied, a specific promotion.

[4] *See*, *e.g.*, *Nguyen v. Mabus*, 895 F. Supp. 2d 158, 183 (D.D.C. 2012) (noting that "[s]everal courts in this District . . . have distinguished retaliation claims that arise after a plaintiff has filed an administrative complaint, [and held] that separate exhaustion is not required for those later acts of retaliation that would have come within the scope of any investigation that reasonably could have been expected to result from [the] initial [administrative] charge of discrimination.")(citing *Hazel v. Wash. Area Transit Auth.*, No. 02-1375, 2006 WL 362369, at * 8 (D.D.C. Dec. 4, 2006) (internal quotation marks omitted).

Finally, as common law torts are not cognizable under Title VII, Defendant's motion to dismiss must be granted, for the reasons offered by Defendant, as to Plaintiff's claims of defamation (Count II) and fraud (Count V).

It is, therefore, this 4th day of December, 2015,

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED IN PART**, and that Plaintiff's non-promotion claim, and defamation and fraud claims, are dismissed; and it is

**FURTHER ORDERED** that in all other respects, Defendant's motion to dismiss is **DENIED**.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge