# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHELIA S. BOWE-CONNOR,

        Plaintiff,

      v.

ROBERT A. MCDONALD,
Secretary of Veterans Affairs,

        Defendant.

Civil Action No. 13-1993
DAR

## MEMORANDUM OPINION AND ORDER

*Pro se* litigant, Shelia S. Bowe-Connor, brought suit on an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* based on gender discrimination and harassment in retaliation and reprisal for prior EEO activity.  The case proceeded to a jury trial, after which the jury entered a verdict for the Defendant on March 31, 2016.  Verdict Form (ECF No. 165).  Plaintiff immediately filed three post-trial motions; Motion for Relief From Judgment (ECF No. 171), Motion to Alter Judgment (ECF No. 172), and Motion to Set Aside Judgement (ECF No. 173).  Upon consideration of the motions, the memoranda in support thereof and opposition thereto, and the entire record herein, the undersigned will deny each of Plaintiff's motions.

## CONTENTIONS OF THE PARTIES

Plaintiff filed three motions based on three different Federal Rules of Civil Procedure.  The Plaintiff's first, Motion for Relief from Judgment, is made pursuant to Federal Rule 60(b)(1), (3), and (6).  In it, Plaintiff argues that the Court admitted improper evidence, including testimony concerning events in 2008, and the last document moved into evidence by the

Defendant.  Motion for Relief From Judgment (ECF No. 171) at 1–2.  The testimony concerning

events in 2008, Plaintiff argues, was outside the scope of the trial, which was only to cover the

time period of 2009 through 2011.  *Id.* at 1.  Additionally, Plaintiff argues that "Defendant

clearly entered fraudulent information" which was, "clearly object able [sic] because the Plaintiff

argued with the court that she had not seen the document before."  *Id.* at 1–2.  Plaintiff adds that

her claim was based on an EEOC case and not based on gender discrimination.  *Id.* at 2.  Plaintiff

further contends that these errors by the Court were "very prejudicial to the Plaintiff."  *Id.*

     Plaintiff's second motion is made pursuant to Federal Rule of Civil Procedure 59(e), and

is largely a restatement of her argument that evidence concerning 2008 should not have been

admitted.  Additionally, she adds allegations that the Court improperly placed the issue of the

2010 Performance Evaluation under the gender claim, when it should have been placed under the

retaliation claim, and that the Plaintiff was prejudiced by being required to examine a witness

who could appear only by telephone.  Motion to Alter Judgment (ECF No. 172) at 1–2.  Plaintiff

argues that the admission of improper evidence was "very prejudicial" for the jury, *id.* at 1, and

that the telephone examination "inhibited proper examination of the witness," *id.* at 2.

     Plaintiff's third and final motion is made pursuant to Federal Rule of Civil Procedure

60(d)(3).  In it, she alleges that the Defendant called three witnesses "to commit perjury while on

the witness stand."  Motion to Set Aside Judgment (ECF No. 173) at 1.  Plaintiff argues that

three witnesses for the Defendant testified about a 2008 incident in a way that was contradictory

to evidence offered by the Plaintiff.  *Id.*  Plaintiff contends that this "gave the jury the wrong

impression of the Plaintiff."  *Id.*

     Defendant opposes Plaintiff's first motion on the grounds that Plaintiff was afforded a

complete trial and that it was the Plaintiff, rather than the Defendant, who elicited witness

testimony regarding the 2008 incident.  Defendant's Opposition to Plaintiff's Motions for Relief

from Judgment and to Alter or Amend the Judgment (ECF No. 180) at 2.  Defendant also argues

that the documentary evidence and other complaints are not "cognizable under Rule 60(b)(3) or

(6) and Plaintiff has failed to carry her burden of showing that the Rule applies in this case."  *Id.*

at 3.  Defendant further contends that Plaintiff's second motion fails to meet the standard of Rule

59(e) because Plaintiff called the witness who testified regarding the 2008 incident, the Court

instructed as to both retaliation and gender discrimination and "Plaintiff failed to object or to

bring this to the Court's attention," *id.* at 5, and that the appearance by telephone for direct

examination of a witness was proper because the witness was outside the jurisdiction of the

Court, *id.*  Defendant avers that any allegedly improper evidentiary matters were insignificant

considering that the jury "sat through six days of trial and heard approximately 20 witnesses."

*Id.* at 5–6.  Finally, Defendant argues that Plaintiff's third motion fails because Plaintiff

"presented absolutely no evidence that any of the witnesses' statements are untrue beyond

baseless assertions of perjury."  Defendant's Opposition to Plaintiff's Motion to Set Aside the

Verdict for Fraud on the Court (ECF No. 183) at 2.

   In reply, Plaintiff does not address the substance of Defendant's arguments, nor does she

cite any additional support for her contention that Rules 59 and 60 are appropriate in this case.

*See generally* Plaintiff's Reply to Defendant's Opposition Motion to Plaintiff's Motions for

Relief From Judgement and Alter or Amend the Judgment as Untimely (ECF No. 181);

Plaintiff's Reply to Defendant's Response to Plaintiff's Assertion of Untimeliness (ECF No.

189).  Instead, Plaintiff argues that the Defendant's opposition memoranda were not filed in a

timely manner and therefore should not be considered by the court.  Plaintiff's Reply (ECF No.

181); *see also* Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motions to Set Aside the

Verdict for Fraud on the Court (ECF No. 184).  In her second reply, Plaintiff also alleges for the first time that Defendant intentionally omitted pages from the jury instructions.  Plaintiff's Reply (ECF No. 184) at 3.

## DISCUSSION

### *Rule 60(b)*

Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from judgment for six reasons, only three of which are at issue here: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or other misconduct by an opposing party; and (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b); *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).  Additionally, the moving party seeking relief from the judgment bears the burden of proof.  *Id.* (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383–84 (1992); *United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 130–31 (D.D.C. 2009); *Mazengo v. Mzengi*, 542 F. 2upp. 2d 96, 100 n.3 (D.D.C. 2008)).

When a party seeks relief under Rule 60(b)(1) based on mistake, only "alleged factual mistakes are potentially grounds for Rule 60(b)(1) relief."  *Munoz v. Board of Trustees of University of Dist. of Columbia*, 730 F. Supp. 2d 62, 66–67 (D.D.C. 2010).  Contentions that the Court made a legal "mistake" are generally not applicable to the Rule 60(b)(1) analysis.  *Id.* ("Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1) … the appropriate place to challenge alleged errors of law is by filing an appeal.")  It is unclear precisely what kind of mistake Plaintiff is alleging occurred during trial, but from the language of the motion, it appears to be an allegation

that the Court erred in admitted certain evidence.[1]  This Circuit has only recognized the

applicability of Rule 60(b)(1) motions to alleged legal errors when "the district court has made

an obvious error, such as basing its legal reasoning on case law that it failed to realize had

recently been overturned."  *Munoz*, 730 F. Supp. 2d at 67 (citing *District of Columbia Fed'n of

Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C. Cir. 1975); *Rockefeller ex rel. U.S. v.

Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004);

*Bestor v. F.B.I.*, 539 F. Supp. 2d 324 (D.D.C. 2008); *Ward v. Kennard*, 200 F.R.D. 137, 139

(D.D.C. 2001)) (internal quotations omitted).  None of Plaintiff's allegations of legal mistake

made by the Court are cognizable under the Rule 60(b)(1) analysis.

Plaintiff also seeks relief from judgment under Rule 60(b)(3) based on "fraudulent

information" entered by the defendant.  Motion for Relief from Judgment (ECF No. 171) at 1.  A

party seeking relief under Rule 60(b)(3) must "prove any purported fraud or misconduct by clear

and convincing evidence."  *Armenian Assembly of America, Inc. v. Cafesjian*, 924 F. Supp. 2d

183, 187 (D.D.C. 2013) (citing *Shepherd v. Am. Broad. Co.*, 62 F.3d 1469, 1477 (D.C. Cir.

1995)) (internal quotation marks omitted).  Additionally, a moving party must show "actual

prejudice, that is, [she] must demonstrate that defendant's conduct prevented [her] from

presenting [her] case fully and fairly."  *Ramirez v. Department of Justice*, 680 F. Supp. 2d 208,

210 (D.D.C. 2010) (citing *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004)).

Plaintiff here argues that Defendant offered evidence that the Plaintiff had not seen before, that

her claim was listed as one of gender discrimination rather than because of an EEOC case, and

that Defendant has entered fraudulent information throughout the case.  Plaintiff's motion,

---

[1] Plaintiff's motion reads, in relevant part, that "Plaintiff request [sic] relief on the grounds of mistake because the Defendant entered information on the case from October 8, 2008. This information was fully litigated and won at the administrative level by the Plaintiff. The information Defendant was suppose [sic] to enter was to stay between 2009 through 2011."  Motion for Relief from Judgment (ECF No. 171) at 1.

however, does not offer any actual evidence of fraud, and this Court has held that "unsubstantiated, conclusory accusations that the defendants have lied throughout the various stages of the litigation … fail[] to satisfy [her] burden of demonstrating an entitlement to relief." *Green v. American Federation of Labor and Congress of Indus. Organizations*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011).  Even if the Plaintiff were to establish fraud or misrepresentation, she has not shown how such activity prevented her from fully and fairly litigating her case.  *See id.* On the contrary, Plaintiff had a full opportunity to present her case to the jury.

Lastly, Plaintiff seeks relief under Rule 60(b)(6).  As this Court has noted, "[c]ourts apply this catch-all reason sparingly, invoking it only in extraordinary circumstances."  *Id.* at 253–54 (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993)).  Such exceptional circumstances exist only when there a "violation has created a substantial danger of an unjust result."  *Richardson v. National R.R. Passenger Corp.*, 150 F.R.D. 1, 7–8 (D.D.C. 1993) (quoting *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985)).  This circuit has held that such motions "may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident."  *Kramer v. Gates*, 481 F.3d 788 (D.C. Cir. 2007).  Plaintiff has shown no extraordinary circumstances sufficient to justify the requested relief.  "The underlying purpose of both Rule 60(b)(3) and Rule 60(b)(6) is to ensure that justice and fundamental fairness are not defeated.  It is for the court to weigh conflicting equities, including the interests of plaintiffs and defendants and the interest of finality of judgments and fundamental fairness."  *Richardson*, 150 F.R.D. at 8.  The Court finds that the equities weigh heavily in favor of the finality of the jury's verdict and the Court's judgment.

### Rule 59(e)

Rule 59 is not an appropriate vehicle for a moving party "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Jones v. Werner Enterprises, Inc.*, No. 11–0080, 2013 WL 2154760, at *2 (D.D.C. May 17, 2013). Further, a motion under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Even then, Rule 59(e) motions are "disfavored and relief from judgment is granted only when the moving party established extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Plaintiff has identified no new evidence, nor a change in controlling law, but argues that the Court has committed a clear error of law and the judgment should be altered to prevent significant injustice. The "clear error" standard is "very exacting," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012), and is "tantamount to a requirement that the judgment be dead wrong." *Clemmons v. Academy for Educational Development*, 107 F. Supp. 3d 100, 113 (D.D.C. 2015) (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012). The standard for "manifest injustice" requires the moving party to show not only "clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos., Inc.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013). The issues that Plaintiff has identified do not amount to clear error. Plaintiff's contention that evidence from 2008 was improperly admitted is misplaced, since as Defendant has properly pointed out, Plaintiff called

the testifying witness and the testimony regarding the 2008 incident was presented during

Plaintiff's direct examination.  Additionally, the Court instructed the jury on both gender

discrimination and harassment in retaliation and reprisal for protected EEO activity and included

the failure to provide Plaintiff with a 2010 Performance Evaluation in both claims.  Jury

Instructions (ECF No. 169) at 25, 27.  Plaintiff did not object to the jury instructions during trial,

and therefore, failed to preserve her objection and cannot raise it for the first time at this late

date.  Fed. R. Civ. P. 51(c) and (d); *Long v. Howard University*, 512 F. Supp. 2d 1, 14 n.8

(D.D.C. 2007).  Finally, Plaintiff's contention that she was prejudiced by the examination of an

out of jurisdiction witness via telephone is likewise insufficient to rise to the level of

"extraordinary circumstances."

Therefore, because Plaintiff has failed to meet the exacting standard of Rule 59(e)

motions, and because such motions are "not to be exploited as an opportunity to reargue issues

already decided," *Turner v. United States Capitol Police*, 2014 WL 169871, at *1 (D.D.C.

January 16, 2014), the Court will deny Plaintiff's Rule 59(e) motion.

### *Rule 60(d)(3)*

A party presenting a claim based on "fraud on the court" must demonstrate that the fraud

was "egregious[,]" and "embraces only that species of fraud which does or attempts to subvert

the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the

judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that

are presented for adjudication, and relief should be denied in the absence of such conduct."

*Bowie v. Maddox*, 677 F. Supp. 2d 276, 278–79 (2010) (quoting *Synanon Church v. United*

*States*, 579 F. Supp. 967, 974 (D.D.C. 1984)).  Such a claim is "very rarely warranted, and the

concept is typically confined to the most egregious cases, such as bribery of a judge or a juror, or

improper influence exerted on the court by an attorney, in which the integrity of the court and its

ability to function impartially is directly impinged." *Montgomery v. Gotbaum*, 2013 WL

1088996, at *1 (D.D.C. March 15, 2013) (quoting *Great Coastal Express, Inc. v. Int'l Bhd. of

Teamsters*, 675 F. 2d 1349, 1356 (4th Cir. 1982)) (internal quotation marks omitted).  Even

instances of "perjury or fabricated evidence are not grounds for relief" under such a motion.  *Id.*

None of the arguments advanced by the Plaintiff come close to meeting this standard.  As a

result, the Court will deny this motion as well.


**CONCLUSION**

For all the foregoing reasons, it is, this 13th day of October, 2016, hereby

**ORDERED** that Plaintiff's Motion for Relief From Judgment (ECF No. 171) is

**DENIED**, and it is

**FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment (ECF

No. 172) is **DENIED**, and it is

**FURTHER ORDERED** that Plaintiff's Motion to Set Aside the Judgment (ECF No.

173) is **DENIED**.


_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge